## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| **Dabney and Pamela Hamner, Parents and Next Friends of I. H.** | )<br>)<br>)<br>) |
| *Plaintiffs,* | )<br>) |
| -vs- | ) Case No. _____ |
| **FREEDOM PREPARATORY ACADEMY CHARTER SCHOOL and its Board of Directors,** <br>    Cardell Orrin, Board Chair, <br>    Rich Billings, John Cornes, <br>    Cindy Ettinghoff, Chet Jackson, <br>    Michael Jones, Sr., <br>    Bruce Landau, <br>    Desiree Lyle, Wallace, <br>    Dr. Mary McDonald, <br>    Kim Post, <br>    Michael Sain, <br>    Jeff Sanford and <br>    Natalia Powers. | )<br>) **JURY DEMAND**<br>)<br>) |
| **in their official capacities only.**<br>          *Defendants*. | |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF UNDER FEDERAL AND STATE LAWS

### I.
### PRELIMINARY STATEMENT OF FACTS

1.  This is a civil rights action brought by the Plaintiff, I.H., by and through his legal guardian and parent, Pamela Hamner, against the Defendants Principal/Superintendent Robert Barber, and the Board of Freedom Preparatory Academy. Students, staff, and school

administrators of the Charter School targeted and subjected I. H to severe and pervasive harassment based on his educational disability known as autism in violation of the Title IX of the Educational Amendment of 1972, 20 U.S.C, 1681, *et seq*., and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. I. H. is an 18-year-old African American male who is allegedly currently enrolled in Freedom Preparatory Academy and is seeking to vindicate his constitution and statutory rights to equal access to educational opportunities. This action is also seeking injunctive relief against the Defendants pursuant to Title IX.

2. The Supreme Court has recognized that "education prepares individuals to be self- reliant and self-sufficient participants in society." *Yoder*, 406 U.S. at 221. These trends begin with educational attainment: students who lack literacy skills are less likely to graduate from high school, and those who do are unprepared for admittance and success in post-secondary education.

3. Data from the National Association of Adult Literacy ("NAAL"), which is sponsored by the U.S. Department of Education's National Center for Education Statistics reflects that individuals with the lowest levels of literacy are less likely than their peers to graduate from high school and succeed in post-secondary education.

4. Literacy's essential role in the maintenance of democracy is reflected in education's unique status as not only a public good that we have committed to make available to all children since the earliest days of our republic, but also an activity in which participation is mandatory and coerced through compulsory education laws. That is, access to literacy is not only guaranteed to every child, but also *required* of every child, creating a special relationship between the state and children between the ages of 6 and 18.

5. The universal provision of public education has deep roots in U.S. history and laws.

Every state constitution includes a provision establishing a state duty to provide public education. The *compulsory* nature of education is likewise an essential feature of the American political system. Schooling is compulsory for all children in the United States; every state in the union has had a compulsory education law since at least 1918. Tennessee's law, for example, dates to 1871 and now requires every child from ages (6) six to (18) eighteen to attend school full-time. "The state of Tennessee recognizes the inherent value of education and encourages its support. The General Assembly shall provide for the maintenance, support and eligibility standards of a system of free public schools." Tenn. Constit. Art. XII (Constitution for the State of Tennessee (2023 Edition)).

6. These compulsory attendance laws reflect a national judgment that education is so essential to the maintenance of democracy and the ability to participate in public and private life that compelling it is justified.

## II.

### JURISDICTION

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), this action being authorized by 20 U.S.C. § 1681(a), part of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

8. Venue for this case properly lies in the Western District of Tennessee, in that the Plaintiff, I.H., attends school in the district, and all acts conducted by Freedom Prep and its Board are resulting in a violation of Plaintiff, L. M. 's educational rights and the rights of his parents have occurred therein.

### III.

### IDENTITY OF PARTIES

9. Plaintiffs, Pam Hamner and Dabney Hamner are adult citizens and residents of Southaven, Desoto County, Tennessee.

10. Plaintiff, I.H. is 18 years old, having recently reached the age of majority however, he is still school aged and, in the care, and custody of his parents listed above.

11. Defendant, Freedom Prep Academy ("Defendant, Freedom Prep") is a local charter school created and existing by virtue of the laws of the State of Tennessee. Freedom Prep's Board of Directors is the governing entity having authority over the school and at all times relevant to this action was a known recipient of federal and state funds.

12. Freedom Preparatory Academy is a licensed charter school in Tennessee doing business in the state and the registered agent for service of process is listed as Roblin Webb, 5132 Jonetta Street, Memphis, TN 38109-7061.

### IV.

### FACTS

13. I. H. was enrolled in Freedom Preparatory Academy since 2018 when he enrolled in the 8th Grade. I. H. is an exceptionally bright student who has been diagnosed with autism spectrum disorder however this autism spectrum disorder social anxiety in no way impedes him in attending classes, being involved in school-based activities and interactions with peer students and teachers. I. H. is involved in advanced level school coursework and has not any significant disciplinary history at the school. He is able to drive to and from school alone, as his parents live in Southaven, Mississippi. It is anticipated that I.H. will matriculate to the 12th grade in the upcoming 2023-2024 school year.

14. Freedom Preparatory Academy in Memphis, Tennessee was chosen for I.H. because of the reputation as a STEM Program that was geared toward African American students and the mother of I. H. spoke to former Principal Dunbar prior to his admission the Freedom Preparatory Academy were aware that the family lived in Southaven, Mississippi. Since his admission I. H. has been a Dean's List student with no negative interaction with teachers or his peers. I. H. was last enrolled as a junior at Freedom Prep Academy.

15. On or about February 6, 2023, I.H. was at school and his mother received a telephone call from individuals who identified themselves as the Southaven Police Department and advised her that she needed to return to her house as her son was going to be taken into custody for making terroristic threats toward his school. Mrs. Hamner was also told that her son had called a suicide hotline and threatened to harm himself.

16. When Hamner arrived home, she was met by three (3) uniformed Southaven Police Officers and two other unmarked cars; I.H. was in the back of a marked police vehicle. Hamner was told that her son called a suicide hotline during the school day and threatened to blow his school up. None of these allegations have been proven true. I. H denied calling any suicide hotline and denied making any threat toward his school. To date, no call has ever been documented that can be attributed to I.H.

17. Police demanded that the parents surrender I.H.'s phone and the parents refused. Southaven Police Department threatened the family with getting a search warrant to search their home. Reluctantly, the parents surrendered the phone and I.H. was taken into custody and transported to a juvenile detention facility in Desoto County Juvenile facility. I.H. again advised that he did not make any calls nor threaten anyone, and he told his parents and the Southaven Police Department he thought he was being, "swatted."

18. The Southaven Police Department contacted Freedom Preparatory Academy and advised

Principal Barber of the alleged threats made by I. H. on or about February 6, 2023. On information and belief Southaven Police Department provided the administrators at Freedom Prep information on the arrest of I. H. and his being held in a juvenile detention and based on this information Freedom Prep has prevented I. H. from physically returning to school.

19.     The Southaven Police Department searched I. H. phone and found he made only three (3) calls the day of his arrest and *none were to any* suicide hotline.

20.     I.H. left the juvenile detention facility after three (3) days and has since been barred from the campus of Freedom Prep. I.H.'s parents met with Superintendent Barber on or about February 8, 2023, and they were told that I.H. could not return to the school unless he presented a statement from a mental health therapist. Barber told the parents that I. H. is being prevented from attending class in person and has been told that in order to return to school in person, he cannot drive to the campus, he cannot bring a telephone onto the campus, cannot participate in any after school activities. I.H. has not been back to Freedom Prep in person since this incident.

21.     The school provided some grades that indicate that I.H.'s absences from Freedom Prep are being marked as "unexcused" which is detrimental to his school attendance record and could prevent him from being promoted out of the current grade he is in.

22.     "Swatting" is defined by the FBI as anonymous calls made to a police department with the aim of stocking a large police presence.

23.     Despite determining that I.H. did not make the call to any suicide hotline nor did he make a terroristic threat as alleged by Southaven to his school, I.H. continues to be banned from campus without cause.

24.     The Plaintiffs believe that I.H. was being swatted by two (2) individuals he met online, who, based on information and belief, led I. H., to believe that they shared a common birthday,

and lured him into revealing details about himself which they used to create the anonymous report to the Southaven Police Department and by extension Freedom Prep.

25.     Parents of I.H. met extensively with Freedom Prep and Principal Barber specifically and made them aware at every stage that there was not a validated report of harm attributable to I.H. Freedom Prep and Barber specifically ignored these reports and have improperly kept I.H. out of school for the academic year of 2022-2023. Freedom Prep, its employees and agents have violated the laws of the state of Tennessee and the federal law.

26.     Parents of I.H. have asked for and be denied the ability to review or receive a copy of any school records that support Freedom Prep's basis for their refusal to have I.H. in the school.

27.     I.H. has been cleared to return to school and all other activities by his treating physicians which include being an active junior aviator through the Federal Aviation Administration.

28.     Freedom Prep has no known policy written or posted regarding Student Discrimination, Harassment, Bullying and Cyberbullying and Intimidation published on its website.

29.     As a result of the school system's deliberate indifference toward the educational rights of Plaintiff, I.H., the Defendant is liable to all the Plaintiffs for damages under Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a) and for violations of the laws of the State of Tennessee stated below.

### IV.
### CAUSE(S) OF ACTION

### Count One:

### VIOLATION OF TITLE IX OF THE CIVIL RIGHTS ACT 20 U.S.C. § 1681(A)

30.     Plaintiffs incorporate herein by reference the allegations set forth in ¶¶ 1 through 29 and do further allege as follows.

31.     Title IX of the Education Amendments of 1972 provides that, "[n]o person in the United

7

States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. § 1681(a). Title IX contains an implied private right of action, and damages are available as a remedy.

32. The refusal to allow I.H. to return to school without any restrictions the same as other students is without a reasonable justification in law or fact and is causing severe harm to the Plaintiff and serves to deprive him of access to the educational opportunities or benefits provided by the school.

33. Freedom Prep is a recipient of state and federal funds and as such is bound by the statutes of the United States Constitution and those laws that govern education within the State of Tennessee.

34. The Plaintiff has also suffered mental anguish and emotional suffering as a consequence of being barred from school based on rumors and the intimidation from the Southaven Police Department. Moreover, I.H. has voiced a lack of ability to trust his teachers, counselor or administrators at Freedom Prep that continues at this filing.

35. The continued refusal of Freedom Prep to allow I.H. to return to school unabated is causing significant injury that could result in his being unable to complete his current grade and be promoted to the next grade, 12th grade. I.H.'s grades continue to suffer from the actions stated above.

**Count Two:**

**VIOLATION OF TENNESSEE OPEN RECORDS ACT, T.C.A. §10-7-503 AND THE PARENTAL RIGHT OF INSPECTION UNDER T.C.A. §49-1-704** *et. seq.*

36. Plaintiffs incorporate herein by reference the allegations set forth in ¶¶ 1 through 35 and do further allege as follows.

37. On May 4, 2023, the Plaintiffs made a request for information from the Defendant, Freedom Prep Academy to produce information regarding their relationship with the Lakeside/ Parkwood Behavioral Health System, including by not limited to all information that allows the school to utilize the services of a school mental health liaison.

38. The Defendant has attempted to tie the student's return to the campus of Freedom Prep Academy to a clearance from the Southaven Police Department and/or a referral to be treated by the Parkwood Behavioral Health System as a condition precedent to returning to school.

39. The Parents of I.H. have been further refused the opportunity to review the entire school record of I.H. for the past school year, in violation of T.C.A. §49-1-704 et seq. which allows parents the right to request and review educational records maintained by the school.

40. These actions constitute an unlawful requirement to educational access and a denial of the rights of I.H. parents and is in violation of the law.

## Count Three:
### **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

41. Plaintiff incorporation all foregoing paragraphs 1-40 as if restated herein again in full and and further allege as follows.

42. In committing and performing the foregoing detailed acts, Superintendent Barber as a representative of the Defendant Freedom Preparatory Academy acted intentionally and/or recklessly toward I.H. barring him from school without a reasonable basis in law or fact, requiring a clearance from Southaven Police Department to return to school and preventing him from attending classes throughout most of his 11th grade year based on falsehoods, failure to adequately investigation the facts and failure to conduct any follow-up evaluation to determine

how I.H. has been fairing academically since his expulsion from classes.

43. Barber's and Freedom Prep's conduct was so outrageous it is not tolerated in civilized society.

44. Plaintiff, I.H., has suffered serious emotional injury as a result of Barber's conduct as an agent and representative of Defendant, Freedom Prep Academy and the lack of intervention by the Board of Directors to prevent the harm from occurring to his reputation and educational health.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS DEMAND:

a. That Plaintiffs be allowed to file this Complaint and that the named Defendant, Freedom Preparatory Academy, be required to answer within the time prescribed by law;

b. That upon final hearing, the Plaintiffs be awarded judgment against the Defendant for compensatory damages an amount up to One Million, Five Hundred Thousand Dollars ($1,500,000.00);

c. That the Defendant be declared in violation of the Tennessee Open Records Act and the statutory right of Parents to inspect educational records;

d. That the Defendant, Freedom Preparatory Academy be deemed to have intentionally or recklessly harmed I.H. and be liable for damages under the law of the state of Tennessee;

e. That a jury be empaneled to hear and try all issues properly triable by a jury;

f. That Plaintiffs have and recover such further and general relief as to which they may be entitled, including court costs and reasonable attorney fees under 42 U.S.C. §1988.

g. Order the Defemdants herein to pay punitive damages in the amounts to be determined at

trial;

h.      A permanent injunction restraining and prohibiting the Defendants from continuing its policies, procedures customs, practices or authorizing it employees to prevent students from accessing their campus during the school year and returning to school in the 2023-2024 academic year, preventing parents from reviewing all schools records and files that pertain to their student including files and information received from third parties, prohibiting them from further refusing to comply with lawful requests under the Tenn. Open Records Act;

i.      For an award of such other legal and equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ Florence M. Johnson
Florence M. Johnson (015499)
Johnson and Johnson, P.C.
1407 Union Avenue, Suite 1002
Memphis, Tn 38104
(901) 725-7520 Telephone
(901) 725-7570 Facsimile
fjohnson@johnsonandjohnsonattys.com
 Attorney for Plaintiffs